1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   NICOLAS LOUIS,                          No.  2:16-cv-1074-MCE-EFB PS

12                  Plaintiff,

13          v.                               FINDINGS AND RECOMMENDATIONS

14   COUNTY OF SACRAMENTO, SCOTT
     JONES, Individually and in his Capacity of
15   Sheriff, and DOES 1-10,

16                  Defendants.

17

18          This matter is before the court on defendants' motion to dismiss the complaint for failure

19   to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1]  ECF No. 10.

20   For the reasons explained below, it is recommended that defendants' motion be granted.[2]

21   I       Factual Allegations

22          Plaintiff brings this action under 42 U.S.C. § 1983 against defendants Sacramento County

23   Sheriff Scott Jones and the County of Sacramento, alleging multiple constitutional violations in

24   relation to the denial of plaintiff's application for a concealed weapons permit.  ECF No. 1.

---

[1]  This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to
Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

[2]  The court determined that oral argument would not materially assist in the resolution of
the pending motion and the matter was ordered submitted on the briefs.  *See* E.D. Cal. L.R.
230(g).

1

1   Plaintiff, a resident of California, applied for a concealed weapons permit in Sacramento County.

2   ECF No. 1, ¶¶ 18, 28.  He claims that he satisfied the requirements for issuance of the permit

3   because he has good moral character and demonstrated good cause to carry a concealed weapon.

4   *Id*. ¶¶ 22-23.   In April 2015, defendant Jones denied plaintiff's application.  *Id*. ¶ 28.  The denial

5   letter explained that the Sheriff's Department determined that plaintiff was not "a suitable

6   candidate to be the recipient of a concealed weapons permit."  *Id*.  Plaintiff appealed the denial to

7   the Sacramento County Sheriff's Concealed Weapons Committee, which denied his appeal.  *Id*.

8   ¶¶ 29, 31.  The denial letter explained that "the sheriff does not find you to be a good candidate to

9   be the recipient of a concealed weapons permit."  *Id*. ¶ 31.

10      Plaintiff contends that the denial of his application violated his right to bear arms under

11   the Second Amendment and the equal protection and due process clauses of the Fourteenth

12   Amendment.  *Id*. at 16-18.

13   II.      Rule 12(b)(6) Standard

14      To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint

15   must contain more than a "formulaic recitation of the elements of a cause of action"; it must

16   contain factual allegations sufficient to "raise a right to relief above the speculative level."  *Bell*

17   *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "The pleading must contain something more

18   . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of

19   action."  *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-

20   236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to

21   'state a claim to relief that is plausible on its face.'"  *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009)

22   (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when plaintiff pleads factual

23   content that allows the court to draw the reasonable inference that the defendant is liable for the

24   misconduct alleged."  *Id*.  Dismissal is appropriate based either on the lack of cognizable legal

25   theories or the lack of pleading sufficient facts to support cognizable legal theories.  *Balistreri v.*

26   *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

27      In considering a motion to dismiss, the court must accept as true the allegations of the

28   complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe

1  the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in

2  the pleader's favor.  *Jenkins v. McKeithem*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869

3  (1969).  The court will "presume that general allegations embrace those specific facts that are

4  necessary to support the claim.'"  *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256

5  (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

6         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

7  *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir.

8  1985).  The Ninth Circuit has held that the less stringent standard for pro se parties is now higher

9  in light of *Iqbal* and *Twombly*, but the court still continues to construe pro se filings liberally.

10  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  However, the court's liberal interpretation of

11  a pro se litigant's pleading may not supply essential elements of a claim that are not pled.  *Pena v.

12  Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d

13  266, 268 (9th Cir. 1982).  Furthermore, "[t]he court is not required to accept legal conclusions

14  cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the

15  facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither

16  need the court accept unreasonable inferences, or unwarranted deductions of fact.  *W. Mining

17  Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

18         In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by

19  exhibits attached to the complaint.  *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.

20  1987).  The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr.

21  Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987), and matters of public record, including pleadings,

22  orders, and other papers filed with the court, *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279,

23  1282 (9th Cir. 1986).

24  III.    Discussion

25         First, plaintiff claims that defendants' refusal to issue him a concealed weapons permit

26  violated the Second Amendment to the United States Constitution.  This claim is foreclosed by

27  recent dispositive authority of *Peruta v. Cty. Of San Diego*, 824 F.3d 919 (9th Cir. 2016).  In that

28  case, the U.S. Court of Appeals for the Ninth Circuit explicitly held that "there is no Second

1    Amendment right for members of the general public to carry concealed firearms in public." *Id*. at

2    927.  Accordingly, plaintiff's Second Amendment claim fails as a matter of law.

3           Plaintiff next argues that defendants violated his right to equal protection under the

4    Fourteenth Amendment by arbitrarily denying his application for a concealed weapons permit.

5    ECF No. 1 at 18.  "To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff

6    must show that he was treated in a manner inconsistent with others similarly situated, and that the

7    defendants acted with an intent or purpose to discriminate against the plaintiff based upon

8    membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th

9    Cir. 2005) (internal quotations omitted).  Plaintiff does not allege that he is a member of a

10    protected class,[3] nor does he allege that he was treated differently than others similarly situated.

11    Accordingly, he fails to state an equal protection claim.

12           Although not listed as a separate cause of action, plaintiff appears to allege that defendants

13    deprived him of his right to due process by not adequately explaining why his application was

14    denied.  *See* ECF No. 1 ¶¶ 37 ("The sheriff's failure to provide reason for denial of Concealed

15    Weapons Permit violates the 14 Amendment."), 38 ("The defendants refuse to identify or

16    elaborate on the appeal process which is a violation of Plaintiff's 14th amendment rights.").

17           The procedural due process component of the Fourteenth Amendment protects individuals

18    against the deprivation of liberty or property by the government without due process.  *Portman v.*

19    *County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).  "Property interests protected by the

20    Due Process Clause of the Fourteenth do not arise whenever a person has only 'an abstract need

21    or desire for' or 'unilateral expectation of,' a benefit." *Erdelyi v. O'Brien*, 680 F.2d 61, 63 (9th

22    Cir. 1982).

23           The Ninth Circuit has specifically held that individuals do not have a property or liberty

24    interest in obtaining a concealed weapon permit.  In *Erdely*, the court explained that "[c]oncealed

25    weapons are closely regulated by the State of California," and the relevant regulation vests

26

---

27         [3] In his opposition plaintiff argues "[t]here is ample evidence to prove Plaintiff is part of a suspect class, and is being harassed for asserting his 1st amendment rights."  ECF No. 11 at 4.  He

28    does not, however, attempt to define the purported suspect class.

1   discretion to the issuing officer over whether or not to issue a permit to applicants satisfying the

2   statutory requirements.  *Id*.  "Where state law gives the issuing authority broad discretion to grant

3   or deny license applications in a closely regulated field, initial applicants do not have a property

4   right in such licenses protected by the Fourteenth Amendment."  *Id*.  The court further held that

5   there is no liberty interest in obtaining a concealed weapons permit.  *Id*;[4] *see also Peterson v.*

6   *Farrow*, 2016 WL 3653441, * at 5-6 (E.D. Cal. July 7, 2016) (finding no property or liberty

7   interest in obtaining a concealed weapons permit).  Accordingly, plaintiff cannot state a

8   procedural due process claim.

9        Lastly, plaintiff alleges that his constitutional rights were violated by defendants' failure

10   to comply with California's statutory scheme for issuing concealed weapon permits.  ECF No. 1

11   ¶¶ 46-47.  42 U.S.C. § 1983 "only creates a cause of action for violations of the federal

12   'Constitution and laws.'"  *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997).

13   "To the extent that the violation of a state law amounts to the deprivation of a state-created

14   interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no

15   redress."  *Id*.  Plaintiff's contention that defendants violated California law by failing to issue him

16   a concealed carry permit is insufficient to demonstrate a constitutional violation under section

17   1983.  Accordingly, plaintiff's complaint fails to state a claim for relief.

18        Plaintiff appears, at least implicitly, to concede the deficiencies of the complaint.  In his

19   opposition he does not attempt to defend the sufficiently of his complaint, but instead argues that

20   defendants' conducted violated his right to freedom of speech under the First Amendment.  ECF

21   No. 11.  Plaintiff claims that he is politically active, posts his political views online, and also

22   campaigned "against Sheriff Scott Jones['s] run for . . . Congress.  *Id*. at 4.  He believes that "he

23   was discriminated against by the Sheriff based on his political speech, and based on he[sic] use of

24   /////

25   _____

26        [4]  Moreover, in *Peruta*, the Ninth Circuit held that as result of its determination that there
     is no Second Amendment right to carry a concealed firearm, the plaintiffs' derivative claims of

27   equal protection and due process necessarily failed.  824 F.3d at 942.  To the extent plaintiff's
     equal protection and due process claims are derivative of his Second Amendment claim, they are

28   foreclosed by *Peruta*.

1   the First Amendment." *Id.*  He concludes that since defendants did not provide him an

2   explanation for why his application was denied he has "no other way to prove otherwise." *Id.*

3         As a threshold matter, plaintiff cannot assert new claims in his opposition.  *Schneider v.*

4   *Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir.1998) ("In determining the propriety of a

5   Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving

6   papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (emphasis in

7   original).  Moreover, the new allegations contained in plaintiff's opposition fail to demonstrate a

8   violation of the First Amendment.

9         "The law is settled that as a general matter the First Amendment prohibits government

10   officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v.*

11   *Moore*, 547 U.S. 250, 256 (2006).  To state a claim for retaliation under the First Amendment, "a

12   plaintiff must provide evidence showing that by his actions [the defendant] deterred or chilled

13   [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the

14   defendant's] conduct."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 916 (9th Cir. 2012).

15         Plaintiff alleges, somewhat vaguely, that he engaged in political speech.  However, he

16   does not allege that the defendant deterred or chilled his speech or that such deterrence was a

17   substantial or motivating factor in the denial of plaintiff's application for a concealed weapons

18   permit.  Indeed, the allegations in plaintiff's opposition fail to demonstrate that defendants were

19   even aware of plaintiff's political speech.  Such allegations fail to demonstrate a violation of the

20   First Amendment and appear to be little more than a last ditch effort to salvage a case that is

21   barred by Ninth Circuit precedent.

22         Based on the foregoing, defendants' motion to dismiss must be granted.  In light of

23   binding precedent barring plaintiff's challenge to the denial of his application for a concealed

24   weapons permit, the dismissal should be without leave to amend.  *Noll v. Carlson*, 809 F.2d 1446,

25   1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to

26   amend should not be granted where it appears amendment would be futile).

27   /////

28   /////

1    IV.    Conclusion

2           Accordingly, it is hereby RECOMMENDED that:

3           1.  Defendants' motion to dismiss (ECF No. 10) be granted;

4           2.  Plaintiff's complaint be dismissed without leave to amend; and

5           3.  The Clerk be directed to close this case.

6           These findings and recommendations are submitted to the United States District Judge

7    assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

8    after being served with these findings and recommendations, any party may file written

9    objections with the court and serve a copy on all parties.  Such a document should be captioned

10   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

11   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

12   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

13   DATED:  February 16, 2017.

14                              EDMUND F. BRENNAN
15                              UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28